In the Matter of the Claim of Maisie Hayward, Respondent, v. Parsons Hospital et al., Appellants. Workmen's Compensation Board, Respondent.— Herlihy, J. Appeal by the employer and its insurance car-

984

rier from a decision of the Workmen's Compensation Board, filed December 7, 1967, which found that claimant was then disabled as the result of an accidental injury in 1963, and from a decision, filed August 6, 1968, which denied further review. On December 30, 1963 the claimant sustained accidental injuries (fall) to her coccyx area (last four bones of spine) and contusions of the skull. On February 11, 1964 she was suffering pain in the lumbosacral region and headaches. On March 7, 1964 she was examined by appellants' doctor and was still complaining of lumbar pain. On March 9, 1964 she still had pain in coccyx. On April 7, 1964 her attending physician reported that the "Pain and discomfort in coccyx has about subsided." On April 4, 1964 she was discharged from treatment and reported able to return to work. On May 28, 1964 the claimant appeared at a hearing and although she had received medication from her attending physician since April 4, 1964 she wanted the case closed. The Referee then found "causal relation established head and back" and closed the case with "no further medical evidence disability." On December 8, 1965 the claimant while bending forward and to her left to adjust her clothing experienced severe pain originating in her back and was hospitalized with a diagnosis of herniated disc. The original claim related to the 1963 accident was reopened by the board and it subsequently found that the herniated disc condition was the result of the 1963 accident. The appellants contend that the personal activity of claimant on December 8, 1965 was sufficient to be characterized as an independent accident and that, accordingly, the herniated disc condition cannot be related to the 1963 accident. The issue is whether or not the record contains medical evidence to support the finding of the board of causal relationship to the 1963 accident. The claimant testified that prior to the 1965 incident she had been last examined by her family doctor on April 4, 1964, but that she continued to have an aching in her back and at times consulted her doctor over the telephone. She also had purchased and wore a back support girdle which she was using at the time of the 1965 incident. She did not return to work until December of 1964 and then worked part time. The claimant's family doctor testified that his final diagnosis in the 1963 accident case had been "a contusion of the lumbosacral spine * * * skull * * * scalp" and he discharged her as "completely cured" on April 4, 1964. Dr. Jacobs testified for the claimant. He first examined her on December 29, 1965 at which time he received a history of the 1963 accident and that claimant on December 8, 1965 felt sudden pain originating in her back as she was turning to adjust her clothing. He stated claimant informed him that she had occasional exacerbations from the time of the original injury. He diagnosed a herniated disc and present total disability. In his opinion the fall in 1963 and the subsequent back pain of claimant indicate that the disc injury occurred at that time, but did not then cause nerve pressure. Dr. Kirshenbaum, a neurosurgeon, testified for the claimant and stated that in his opinion the disc was injured by the fall in 1963, but did not develop until 1965. The carrier's expert testified that he examined claimant in March of 1964 and at that time found no evidence of a herniated disc and diagnosed a contusion to the pelvic area and possible contusion to the lower lumbar area. In his opinion there would have been a manifestation of herniated disc injury soon after the 1963 accident and further, flat falls on the back are less apt to cause a herniated disc than a twisting of the back. This doctor made it clear that he would not consider her subjective complaints of pain in the lumbar area since he found no objective signs of injury to that area following the 1963 accident. While it is apparent that no one can be positive as to whether or not the 1963 accident caused the herniated disc, the record contains substantial medical testimony

to support the finding of the board. The refusal of the appellants' medical expert to give credence to the subjective complaints of the claimant at best created a question of fact for the board. (See *Matter of Palermo* v. *Gallucci & Sons,* 5 N Y 2d 529.) Decisions affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Cooke and Greenblott, JJ., concur in memorandum by Herlihy, J.