■ In the Matter of the Claim of CORA WILLIAMS, Respondent, v. LINCOLN METALS PRODUCTS Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board on the ground that there is no substantial evidence to support the board's finding of continuing causally related partial disability and the continued award of reduced earnings at the rate of $27.62 per week. Claimant sustained a head injury on October 28, 1968. Compensation was paid, apparently never having been controverted, until May 21, 1969, for the period ending May 9, 1969, at which time the carrier stopped payment on the ground that claimant was no longer disabled. The board found continued causal disability subsequent to May 9, 1969 and directed continued payments at $27.62 per week. The instant record contains substantial medical evidence to support the board's finding of continued causally related disability and it must, therefore, be affirmed. Dr. Goodman's testimony cannot be rejected solely because it is based essentially on subjective rather than objective medical evidence (*Matter of Hayward* v. *Parsons Hosp.*, 32 A D 2d 983). Moreover, the reports submitted by Dr. Schuman, the physician who actually attended claimant, supports the board's decision. At most we find a conflict of medical evidence which was for the board's resolution (*Matter of Palermo* v. *Gallucci & Sons*, 5 N Y 2d 529). We do not consider appellant's contention concerning the rate of claimant's reduced earnings. That issue was not raised in the proceedings below and cannot be raised on this appeal for the first time (e.g., *Matter of Gordon* v. *County of Erie*, 30 A D 2d 1022). Of course, appellants can at any time make proper application to the board to correct the allegedly erroneous rate (*Matter of Vogts* v. *Bay Shore Sunrise Bowl*, 32 A D 2d 604). Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Greenblott, Cooke, Kane and Reynolds, JJ., concur.