■ In the Matter of the Claim of DIANE WALSH, Respondent, v NEW YORK TELEPHONE COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed October 16, 1975, which affirmed an award to claimant for reduced earnings. Claimant, a telephone company representative, was injured at her place of work on January 22, 1973 when she fell from a chair while sitting at her typewriter. Since the time of the accident, she has continuously complained of pain in her back and leg, and following hearings, the board granted her benefits for total disability for the period from January 22, 1973 through July 10, 1974 and a reduced earnings award of $30 per week for the period subsequent to July 10, 1974. On this appeal, the self-insured employer challenges only the reduced earnings award and argues that it should be reversed because it is not supported by substantial evidence and because claimant voluntarily withdrew from the labor market by refusing to return to work. We disagree. The testimony of Dr. David Levy, a neurological specialist who examined claimant on May 30, 1974, August 22, 1974 and December 5, 1974, provides substantial support for the board's conclusion that claimant continued to be disabled. Moreover, Dr. Levy's opinion need not be rejected merely because it is premised upon his acceptance of claimant's description of her continuing pain *(Matter of Williams v Lincoln Metals Prods. Co.,* 38 AD2d 1003), and although the employer's expert did not credit claimant's subjective complaints, this only created a question of fact for the board *(Matter of Hayward v Parsons Hosp.,* 32 AD2d 983). As for respondent's assertion that a penalty should be imposed upon the employer under section 23 of the Workmen's Compensation Law for appealing on grounds that are not meritorious, we cannot say under the circumstances here that the appeal was so frivolous as to warrant such a penalty. Decision affirmed, with costs to the Workmen's Compensation Board. Greenblott, J. P., Kane, Mahoney, Main and Larkin, JJ., concur.